FREDERICK C. SCHARFF *vs.* JULIUS SCHULTZ.

First Judicial District, Hartford, October Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and GAGER, Js.

A complaint upon certain of the common counts was amended before trial by the addition of a second count in tort, upon which a general verdict was rendered for the plaintiff for $1 damages. *Held* that for the purpose of taxing costs the trial court was justified in treating the action, in part at least, as one in tort, notwithstanding the count in tort was not within its jurisdiction.

In its memorandum of decision the trial court stated that the verdict was probably rendered upon the count for tort, and because of that probability, and of the strong probability that substantial justice would best be done by leaving each party to bear the burden of his own costs, awarded the plaintiff no more costs than damages. *Held* that the court thus took a correct view of the double aspect of the complaint, and at the same time exercised its discretion in the matter of taxing costs in so far as the recovery might have been upon the count in contract.

Submitted on briefs October 3d—decided October 17th, 1906.

APPEAL by the plaintiff from the refusal of the Court of Common Pleas in Hartford County, *Coats, J.,* to allow him more than $1 costs, in an action in which the jury had awarded him $1 damages. *No error.*

*Bernard F. Gaffney,* for the appellant (plaintiff).

*Noble E. Pierce* and *George W. Klett,* for the appellee (defendant).

PRENTICE, J.   This action, demanding $150 damages, was originally brought to the Court of Common Pleas upon the common counts.   The bill of particulars covered a balance of former account, and items for goods sold and delivered, and money laid out and expended.   After issue had been joined under this count, the plaintiff added a second, alleging the defendant's conversion of certain of the articles, of the alleged value of $34.25, for which payment was asked under the first count as goods sold.   To the second count the defendant filed a general denial.   In this state of the pleadings the case was submitted to a jury which returned a verdict that the plaintiff recover $1 damages.   The plaintiff thereupon claimed full costs.   The court awarded him $1 only.   It is from this action that the appeal was taken.

The plaintiff contends that as the second count in tort was not within the original jurisdiction of the court, the action was one upon the first count only, and therefore one in contract only, and that consequently the court, in treating it as one in part at least in tort, was misled into applying to it those provisions of § 769 of the General Statutes which govern the taxation of costs in tort actions.   This contention is supported by the further one, that it is manifest from the memorandum of the court that the taxation was not made in the exercise of the discretion which the statute gives in contract actions, but in obedience to the statutory mandate applicable to tort actions.   The memorandum does indeed disclose that the court, for the purpose of the taxation of costs, regarded the action as in part at least one of tort, and in this the court was correct.   Although the second count was not within the jurisdiction of the court, it is to be remembered that such as it was it came into the case by the plaintiff's own act, and was with his concurrence, to say the least, submitted to the jury as properly a part of it.   The indications point strongly to the fact that its presence saved him an adverse judgment and a bill of costs.   However the fact may have been in respect to this latter matter, it certainly does not now lie

in his mouth to urge that the count was improperly in the complaint for the purpose of gaining an advantage in the taxation of costs. It is rather for him to accept the consequences of the situation as he created it.

The memorandum, after characterizing the action as one in part in tort, adds that in view of that fact and of the probability arising out of the circumstances of the trial, that so far as successful it rested upon tort, and in further view of the strong probability that substantial justice would best be done by leaving each party substantially to bear the burden of his own costs, no more costs than damages would be taxed in favor of the plaintiff. It thus clearly appears that the court took a correct view of the double aspect of the complaint, and at the same time exercised its discretion in so far as the recovery might have been in contract. In so doing and in acting as it did, it neither erred nor exceeded its powers under the statute.

There is no error.

In this opinion the other judges concurred.